IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**HEATHER DILWORTH**                                                     **PLAINTIFF**

**VS.**                                                          **CAUSE NO.:** 1:24-CV-219-GHD-DAS

**BOA VIDA HOSPITAL OF
ABERDEEN, MS, LLC., d/b/a
MONROE REGIONAL HOSPITAL**                            **DEFENDANT**

                                                       **JURY TRIAL DEMANDED**

**COMPLAINT**

This is an action to recover actual and punitive damages for discharge in violation of public policy. The following facts support the action:

1.

Plaintiff HEATHER DILWORTH is an adult resident citizen of 185 Elmo Street, Nettleton, Mississippi 38858.

2.

Defendant BOA VIDA HOSPITAL OF ABERDEEN, MS, LLC d/b/a MONROE REGIONAL HOSPITAL is a Texas limited liability company doing business in the State of Mississippi. Defendant may be served with process through its registered agent, InCorp Services, Inc., 302 Enterprise Drive, Suite A, Oxford, Mississippi 38655.

3.

This Court has diversity jurisdiction under 28 U.S.C. § 1332 and more than $75,000.00 is in controversy.

4.

Plaintiff was employed by Defendant for over three (3) years as a medical laboratory scientist. Plaintiff has a Bachelor's degree and is working on her Master's degree. Plaintiff's educational level and skill exceeded those of her supervisors.

5.

For a period of several weeks prior to June 1, 2024, Plaintiff had complained that the troponin analyzer at the lab where Plaintiff worked was not giving accurate results. The inaccurate results were likely caused by a failure to perform the required six (6) month recalibration. Measuring troponin levels in a patient's blood is critical when a patient arrives with a heart condition. A high level of troponin indicates that a heart attack is likely to occur. Plaintiff repeatedly complained that the troponin levels were not being accurately tested, thus endangering the lives of patients.

6.

On June 1, 2024, Plaintiff performed a troponin test on a patient who was complaining of chest pain. Plaintiff suspected that the low results shown on the analyzer were false. Plaintiff believed the patient was in grave danger so she sent the patient's blood sample to a hospital in Amory, Mississippi, so that the troponin levels could be properly tested. The test at the hospital in Amory revealed dangerously high troponin levels. The hospital in Amory communicated this result to Defendant. However, by the time the result was received, Plaintiff had left work for the day.

7.

Defendant never notified the patient of the high levels of troponin in his blood, and did not contact him to tell him to report to a hospital immediately. Such notification was a required safety protocol because the patient was highly likely to suffer a heart attack. In fact, the patient did suffer a heart attack shortly after being wrongfully discharged from Defendant's hospital on June 1, 2024.

8.

Consistent with earlier complaints which she had made about the inaccurate use of the troponin analyzer, Plaintiff again complained to her supervisor, Cassie Garth, and to the lab manager, Alan Lockhart, about the use of Defendant's machine and the life-threatening danger it was creating. In response, Garth falsified data on the machine to make it appear that the machine was operating properly. Garth falsified the quality control ranges, so as to make it appear, falsely, that the machine had been within tolerable limits on the day of the test.

9.

On June 3, 2024, Plaintiff met with Defendant's Hospital Administrator, Chris Chandler, and with Amy Joslin, Director of Nurses. Plaintiff reported to them that Defendant was continuing to use a defective, dangerous analyzer, and also reported to them that Garth had falsified the data on the machine to make it appear that the machine was operating within applicable ranges.

10.

Additionally, Plaintiff reported the use of the life-endangering analyzer to the appropriate authorities at the Mississippi Department of Health and Human Services. On July 11, 2024, the Mississippi Department of Health and Human Services reported the results of its testing of the troponin machine and the testing of other machines on Defendant's premises. The report found a

large number of discrepancies. The report listed the patients whose lives had been likely endangered by troponin levels' not being accurately reported. The report of the State made on July 11, 2024 of its test is attached hereto as Exhibit "A." The report reveals discrepancies of such seriousness that Defendant is likely in danger of losing its state-granted authority to conduct laboratory testing at the Monroe County Hospital.

11.

Defendant knowingly and intentionally charged the United States, insurance companies, and individual patients for the use of the machine, which it knew would not produce accurate results, and the use of which endangered lives of patients. Obtaining money from the United States (Medicare and Medicaid), from insurance companies, and from patients was based on the implied representation that the machine would give accurate results and was safe to use, as a means of determining troponin levels. Defendant was therefore guilty of the state criminal offense of obtaining money under false pretenses (Miss. Code Ann. § 97-19-39) and was guilty of the federal criminal offense of making materially false statements within the jurisdiction of a federal agency 18 U.S.C. § 1001). Plaintiff reports to both supervisory employees of Defendant and to the State were reports of engaging in illegal criminal activity.

12.

On July 11, 2024, the same day Defendant received its results of the state testing, Exhibit "A," Defendant notified Plaintiff that she was being placed on paid leave pending investigation.

13.

Plaintiff was discharged from her employment on August 2, 2024 because she had reported illegal activity. Specifically, Plaintiff reported acts which constituted violations of the following:

4

    A.       False Claims Act – 18 U.S.C. § 287;

    B.       Falsification of Medical Records – 42 U.S.C. § 1320(a);

    C.       False Statement of material fact within federal jurisdiction – 18 U.S.C. § 1001(a); and

    D.       Falsifying of business records with intent to defraud – MISS. CODE ANN. § 97-7-10.

Firing an employee for reporting illegal activity violates public policy.

14.

Plaintiff has suffered lost income and mental anxiety and stress as a result of her discharge. Defendant's actions in endangering patients' lives by utilizing the machine known to be dangerously defective and known not to yield accurate results, and in charging medical payers, including the United States, for testing on this defective machine, resulted in endangering people's lives and resulted in at least one patient's having a heart attack because the machine had not yielded accurate results. Such endangerment to human life and safety and willful indifference to the rights of the public constitutes grounds for punitive damages.

**REQUEST FOR RELIEF**

Plaintiff, therefore, requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 19th day of December, 2024.

                                        HEATHER DILWORTH, Plaintiff

By:   */s/ JIM WAIDE*_____
      Jim Waide, MS Bar No. 6857
      waide@waidelaw.com
      Rachel Pierce Waide, MS Bar No. 100420
      rpierce@waidelaw.com
      Yance Falkner, MS Bar No. 106107
      yfalkner@waidelaw.com
      WAIDE & ASSOCIATES, P.A.
      332 North Spring Street
      Tupelo, MS 38804-3955
      Post Office Box 1357
      Tupelo, MS 38802-1357
      (662) 842-7324 / Telephone
      (662) 842-8056 / Facsimile

      ATTORNEYS FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF ____Lee____

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named HEATHER DILWORTH, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
HEATHER DILWORTH

GIVEN under my hand and official seal of office on this the 21st day of August, 2024.

(SEAL)

_____
NOTARY PUBLIC

My Commission Expires: April 4, 2027